IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALPHANEE B. GAMMON,
     Petitioner,

vs.                              Case No. 5:09cv53/RH/EMT

WALTER A. McNEIL,
     Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 23). Petitioner filed a reply (Doc. 28). Also before the court is Respondent's motion to expand the record (Doc. 22). Petitioner opposes the motion (*see* Doc. 26).

The matter is referred to the undersigned magistrate judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is entitled to relief.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 23, Exhibits).[1] Petitioner was charged in the Circuit Court in and for Calhoun County, Florida, with one count of sale or possession with intent to sell cocaine within

---

[1]Hereafter all references to exhibits in this Report and Recommendation will refer to the exhibits filed by Respondent with his answer (Doc. 23, Exhibits).

1000 feet of a physical place of worship, a first degree felony, and one count of possession of cocaine with intent to sell within 1000 feet of a physical place of worship, also a first degree felony (Ex. B at 5–6).  Trial proceedings commenced on November 4, 2004, and prior to submission of the case to the jury, the court dismissed the second count (Ex. B at 7–8, 130–31; Ex. C).  The jury found Petitioner guilty of sale or possession of cocaine with intent to sell within 1000 feet of a place of worship as charged (Ex. B at 36).  Petitioner was adjudicated guilty and sentenced to fifteen (15) years of incarceration with pre-sentence jail credit of thirty-three (33) days (*id.* at 51–58).  Petitioner appealed the judgment of conviction and sentence to the Florida First District Court of Appeal ("First DCA").  On June 30, 2006, the First DCA affirmed the judgment per curiam without written opinion, with the mandate issuing July 18, 2006 (Exs. G, H).  Gammon v. State, 932 So. 2d 1110 (Fla. 1st DCA 2006) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On February 13, 2006, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J at 1–9).  The trial court summarily denied the motion in an order rendered March 12, 2007 (*id.* at 97–141).  Petitioner appealed the decision to the First DCA (Ex. K).  On August 7, 2008, the appellate court affirmed the judgment per curiam without written opinion, with the mandate issuing October 28, 2008 (Exs. M, R).  Gammon v. State, 992 So. 2d 254 (Fla. 1st DCA 2008) (Table).  Petitioner sought review by the Florida Supreme Court, but the court dismissed the petition for lack of jurisdiction on December 12, 2008 (Ex. S). Gammon v. State, 994 So. 2d 1104 (Fla. 2008) (Table).

On November 5, 2008, Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel with the First DCA (Ex. U).  On December 12, 2008, the First DCA denied the petition per curiam without written opinion (Ex. W).  Gammon v. State, 998 So. 2d 608 (Fla. 1st DCA 2008) (Table).

Petitioner filed the instant habeas action on February 10, 2009 (Doc. 1 at 12).  Respondent concedes that the petition is timely (Doc. 23 at 5–7).

II.      STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state

---

[2]Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable

application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion." Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and

concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied the AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See* Panetti v. Quarterman, 551 U.S. 930, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same).  The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

III.     PETITIONER'S CLAIMS[3]

Ground Two:  "Counsel was ineffective for not specifically arguing the insufficiency of the evidence as one of the elements of the crime charged require [sic] proof that the buildings in question conducts [sic] regular religious services."

Petitioner contends trial counsel performed deficiently by failing to move for a judgment of acquittal based upon the lack of any evidence on one of the elements of the offense, that is, that the building designated as a church or religious organization regularly conducted religious services (Doc. 1 at 6–7).  Petitioner further contends if counsel had moved for judgment of acquittal based upon the lack of evidence on the "regularly conducts religious services" element, there is a reasonable probability that the motion would have been granted and the outcome of trial different (*id.*)

Respondent contends Petitioner is not entitled to habeas relief because he is unable to establish prejudice from defense counsel's failure to move for judgment of acquittal (*see* Doc. 23 at 13–14).  Respondent asserts that if defense counsel had moved for judgment of acquittal on this ground, the State would have sought to reopen its case to present evidence of the regularly conducted religious services at the church in the form of testimony by Investigator Michael Bryant (*id.* at 13).  In support of this argument, Respondent seeks to expand the record, pursuant to Rule 7 of the Rules Governing Section 2254 Cases, to include affidavits of J. David House, Esq., the prosecutor in Petitioner's criminal trial, and Michael Bryant, a law enforcement officer who testified

---

[3]In light of the court's conclusion that Petitioner is entitled to habeas relief on Ground Two, the court need not consider Petitioner's remaining two claims.

at Petitioner's trial (Doc. 22; Doc. 23, Exs. X, Y). Respondent contends the trial court had discretion to allow the State to reopen its case, and if the State had reopened its case, Investigator Bryant would have been able to establish that the Revival Tabernacle church, a church that was within 1000 feet of the drug sale, regularly conducted religious services, or Investigator Bryant would have been able to obtain testimony from the pastor of the church that would have established the same thing (Doc. 23 at 13–14).

Petitioner opposes the motion to expand the record on the ground that Respondent did not present the affidavits in any of the state court proceedings (Doc. 36). Petitioner additionally contends there is no likelihood that the trial court would have granted a motion to reopen. Furthermore, Investigator Bryant's affidavit does not include proposed testimony that would have established that the church regularly conducted services at the time of Petitioner's offense, nor does it show that he would have been able to obtain and present such evidence during a recess at Petitioner's trial.

Rule 7 of the Rules Governing Section 2254 Cases provides that the court may direct that the record be expanded to include additional materials, including affidavits and exhibits, relevant to the determination of the merits of the petition. Upon review of the pleadings filed in the instant case, the court concludes that the affidavits of Mr. House and Investigator Bryant are relevant to Ground Two of the instant petition. Therefore, Respondent's motion to expand the record will be granted.

A.    Clearly Established Federal Law

The legal standard clearly established by the Supreme Court for ineffectiveness of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See Fugate v. Head, 261 F.3d 1206, 1216–17 (11th Cir. 2001); Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002) (both citing Williams v. Taylor and Strickland). The two components of an ineffectiveness claim under Strickland are performance and prejudice, and if an insufficient showing is made as to one, the court need not address the other. Strickland, 466 U.S. at 697; Wellington, 314 F.3d at 1260. In assessing performance, the court considers whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland,, 466 U.S. at 686. "The court must . . . determine

whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Petitioner must show that "no competent counsel would have taken the action that his counsel did take." Fugate, 261 F.3d at 1217 (citation omitted).

To establish ineffective assistance, Petitioner must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations are insufficient. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Furthermore, "[a]n ambiguous or silent record is not sufficient to disprove the strong and continuing presumption . . . that [counsel] did what he should have done and that he exercised reasonable professional judgment." Chandler v. United States, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc) *cert. denied*, 121 S. Ct. 1217, 149 L. Ed. 2d 129 (2001).

> Trying cases is no exact science. And as a result, we must never delude ourselves that the fair review of a trial lawyer's judgment and performance is an activity that calls for great precision or for a categorical approach. When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." Atkins v. Singletary, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it can be shown that no reasonable lawyer, in the circumstances, would have done so.

Rogers v. Zant, 13 F. 3d 384, 386 (11th Cir. 1994); *see also* Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (to show counsel's performance was unreasonable, defendant must establish that no competent counsel would have taken the action that his counsel did take); Chandler, 218 F.3d at 1313 (issue is not what is possible, prudent, or appropriate, but what is constitutionally compelled) (citing Burger v. Kemp, 483 U.S. 776, 107 S. Ct. 3114, 3126, 97 L. Ed.2d 638 (1987)).

As stated by the Eleventh Circuit:

> No absolute rules dictate what is reasonable performance for lawyers. [citing Strickland, 104 S. Ct. at 2065; other citations omitted]. "Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Strickland, 104 S. Ct. at 2065; [other citations omitted]. The law must allow for bold and for innovative

approaches by trial lawyers. And, the Sixth Amendment is not meant "to improve the quality of legal representation," but "simply to ensure that criminal defendants receive a fair trial." <u>Strickland</u>, 104 S. Ct. at 2065.

<u>Chandler</u>, 218 F.3d at 1307. In determining whether counsel's decision was reasonable, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689.

As to the prejudice prong of the <u>Strickland</u> standard, Petitioner's burden of demonstrating prejudice is high. <u>Wellington</u>, 314 F.3d at 1260. The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 693). However, the Court has also clarified that a petitioner need not demonstrate it 'more likely than not, or prove by a preponderance of evidence,' that counsel's errors affected the outcome. <u>Strickland</u>, 466 U.S. at 693–94. Instead, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. Indeed, it would be "contrary to" the law clearly established in <u>Strickland</u> for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence. <u>Williams v. Taylor</u>, 529 U.S. at 405–06. The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. <u>Strickland</u>, 466 U.S. at 694–95.

B.      Federal Review of State Court Decision

In Petitioner's Rule 3.850 motion, Petitioner contended there was insufficient evidence to establish beyond a reasonable doubt that the drug transaction occurred within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services, as required by Florida Statutes section 893.13(1)(e) (Doc. 23, Ex. J at 5). Petitioner contended that if counsel had moved for a judgment of acquittal based on the lack of this evidence, there is a reasonable probability he would have been acquitted of this offense (<u>id.</u>). In his reply brief to the State's response to the Rule 3.850 motion, Petitioner argued that Investigator Bryant's

testimony was not sufficient to establish that the transaction took place within 1000 feet of a place of worship "'*at which a church or a religious organization regularly conducts religious services*'" as required by section 893.13(1)(e) (*id.* at 74) (emphasis in original).  Petitioner cited three Florida cases in support of his argument, Hill v. State, 830 So. 2d 876 (Fla. 5th DCA 2002), Wallace v. State, 814 So. 2d 1255 (Fla. 5th DCA 2002), and McHolder v. State, 917 So. 2d 1043 (Fla. 5th DCA 2006) (*id.*).  Petitioner contended that if counsel had moved for a judgment of acquittal, he would have been convicted only of the lesser included offense of sale of cocaine, a second degree felony, thereby lowering his total sentencing points and placing him in a sentencing range, pursuant to the Florida Criminal Punishment Code, that would have made him eligible for a non-prison sentence (*id.*).

In the trial court's order denying Petitioner's claim, the court applied the correct legal standard (*see* Doc. 23, Ex. J at 98) (citing Johnson v. State, 921 So. 2d 490, 499 (Fla. 2005) (identifying and applying Strickland as the controlling legal standard for claims of ineffective assistance of counsel)).  The court found as fact that Investigator Bryant testified that the drug transaction occurred 814 feet from the Revival Tabernacle church (*id.*).  Applying Johnson, the state court concluded that Petitioner's counsel was not ineffective for failing to raise an issue "which has no merit" (*id.*).  Petitioner filed a motion for rehearing, reasserting his argument that there was no evidence that religious services were regularly conducted at the church; therefore, based upon Hill and Wallace, the evidence was insufficient to support a conviction (Doc. 23, Ex. C at 172). Petitioner also reiterated his argument that acquittal of the charged offense would have resulted in entry of judgment for the lesser included offense of sale of cocaine, a second degree felony, and a less harsh sentence (*id.*).  The trial court denied the motion for rehearing on the ground that Petitioner "fails to raise any new arguments or allegations of merit which the Court overlooked . . ." (*id.* at 181).  Petitioner appealed this issue to the First DCA (Doc. 23, Ex. K at 21–22), but the appellate court affirmed per curiam without written opinion (Doc. 23, Ex. M).

The state court's factual finding that Investigator Bryant testified that the drug transaction occurred 814 feet from the Revival Tabernacle church is unrefuted by Petitioner.  Furthermore, review of the trial transcript supports this finding (*see* Doc. 23, Ex. C at 51–52).  Therefore, this factual finding is presumed correct.

Under Florida law at the time of Petitioner's trial, November 4, 2004, to support a conviction under section 893.13(1)(e), the State was required to prove the following elements beyond a reasonable doubt: (1) the defendant sold, delivered, or possessed with intent to sell or deliver a certain substance, (2) it occurred in, on, or within 1000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services, (3) the substance was cocaine, and (4) the defendant had knowledge of the presence of the substance. *See* Fla. Stat. § 893.13(1)(e) (2003); Florida Standard Jury Instruction in Criminal Cases, Part Two: Instructions on Crimes, Chp. 25.6 — Sale, Purchase, Manufacture, or Delivery in Specified Locations § 893.13(1)(c), (d) and (e), Fla. Stat. (The Fla. Bar, Fourth Edition (2002)). Furthermore, the controlling case law at that time established that evidence of regularly conducted religious serves was required to support a conviction under section 893.13(1)(e). For example, in Hill v. State, a police officer testified that he had personal knowledge that the church, located within 1,000 feet of where the drug transaction took place, had church services and was a place of worship, but he admitted that he had not attended the subject church or been inside the church when religious services were being conducted. 830 So. 2d at 877. The Fifth DCA determined that this testimony, by itself, was insufficient to show that church regularly conducted religious services as the officer had never attended or observed services at the church, and he offered no testimony as to how regularly the church services occurred. *Id.* Therefore, the court reversed Hill's conviction of sale and delivery of a controlled substance within 1,000 feet of place of worship and remanded the matter for entry of judgment and sentence for the lesser included offense of sale or delivery of a controlled substance. *Id.* at 877–78.

In Wallace v. State, a police officer testified he was aware (in some fashion) that services "go on" in two churches located within 1000 feet of the drug transaction at issue, but he never attended services at either church. 814 So. 2d at 1256. The State apparently relied upon this testimony in lieu of the testimony of church members who failed to appear for trial. *Id.* at 1257. The Fifth DCA determined that this testimony, by itself, was insufficient to show that either church regularly conducted religious services as the officer's testimony included no specification as to whether the services were religious in nature or how often they occurred. *Id.* Therefore, the court reversed Wallace's conviction of sale and delivery of a controlled substance within 1,000 feet of

place of worship and remanded the matter for entry of judgment and sentence for the necessarily lesser included offense of sale of a controlled substance. *Id.* The <u>Wallace</u> court distinguished the facts of the case from <u>Jean v. State</u>, in which the Fourth DCA determined that an officer's testimony that the subject church was a "regular" church which held nightly services as well as Sunday services was sufficient to sustain a conviction under section 893.13(1)(e). 764 So. 2d 605, 608 (Fla. 4th DCA 1999).

In the instant case, the state court record establishes that at Petitioner's trial, defense counsel agreed, for purposes of the jury instructions, that one of the elements of the crime with which Petitioner was charged was that the drug transaction occurred within 1000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services (*see* Doc. 23, Ex. C at 133–135, 151). The trial transcript shows that there was no testimony or other evidence that a church or religious organization regularly conducted religious services at the Revival Tabernacle. The record also confirms that defense counsel did not move for judgment of acquittal or otherwise challenge the sufficiency of the evidence. In light of the testimony adduced at Petitioner's trial and the state of the law at that time, the undersigned concludes that the state court's conclusion that Petitioner failed to demonstrate he received ineffective assistance of counsel was an objectively unreasonable application of <u>Strickland</u>. *See* <u>Holsclaw v. Smith</u>, 822 F.2d 1041, 1046–47 (11th Cir. 1987) (granting issuance of the writ on petitioner's claim of ineffective assistance of counsel where evidence "[was] barely enough, if in fact it [was] enough, to warrant a conviction" and counsel's failure to contest sufficiency of the evidence "could not conceivably have been a strategic decision," but, rather, was outside wide range of professional competent assistance, resulting in reasonable probability that, but for error, result would have been different).

Having determined that Petitioner satisfied the AEDPA, and § 2254(d), the court will take the final step of conducting an independent review of the merits of Petitioner's claim. *See* <u>Panetti</u>, 551 U.S. 930; <u>Jones</u>, 469 F.3d 1216. As previously discussed, Petitioner contends counsel's failure to move for judgment of acquittal was deficient because there was no evidence that religious services were regularly conducted at the Revival Tabernacle during the time frame of his offense, August of 2003 (Doc. 1 at 6). He contends he was prejudiced by counsel's error because there is a reasonable probability that the trial court would have granted the motion (*id.* at 6–7).

As previously noted, the trial transcript is devoid of evidence that the Revival Tabernacle church regularly conducted religious services in August of 2003. Furthermore, such evidence is required to support a conviction under section 893.13(1)(e). *See* Hill, Wallace, *supra*. Therefore, a motion for judgment of acquittal would have been well supported. Moreover, the record contains no evidence that counsel's failure to raise the question of sufficiency of the evidence was a strategic decision, and the undersigned can conceive of no strategic reason for foregoing a well-founded motion for judgment of acquittal. Therefore, the undersigned concludes that counsel's failure to move for judgment of acquittal was objectively unreasonable, and Petitioner has satisfied the performance prong of the Strickland standard

Additionally, Petitioner has established a reasonable probability that the result of the trial would have been different if counsel had made a motion for judgment of acquittal. In light of the fact that there was no evidence that religious services were regularly conducted at the church during the time frame of the offense, which is an element of the offense proscribed by section 893.13(1)(e), there is a reasonable probability that counsel would have prevailed on a motion for judgment of acquittal.

This is true even in light of the evidence submitted by Respondent in the expanded record, specifically, the affidavits of David House, Esq. and Investigator Bryant. Prosecutor House states in his affidavit that if defense counsel had moved for judgment of acquittal, he would have moved to reopen the State's case to present additional testimony from Investigator Bryant regarding whether he was aware or had occasion to determine whether the Revival Tabernacle church conducted regular religious activities (Doc. 23, Ex. X, Affidavit of J. David House, Esq., ¶ 4). Investigator Bryant states in his affidavit that he would have been able to determine whether the church engaged in regular religious services by going to the church on a recess in Petitioner's trial and viewing the sign posted in front of the church or discussing whether the church held regular religious services with the church's pastor, or both (Doc. 23, Ex. Y, Affidavit of Michael Bryant, ¶ 5). Investigator Bryant states that since learning of the instant habeas petition, he contacted Pastor Wise, the pastor of the Revival Tabernacle church (*id.*, ¶ 6). He states Pastor Wise told him that the sign that presently appears in front of the church was replaced at one time, but the current sign is substantially the same as the sign that appeared in front of the church in August of 2003, when the

drug transaction occurred (*id.*).  Investigator Bryant states Pastor Wise also told him that the church regularly conducted religious services in August of 2003 (*id.*).  Investigator Bryant attached photographs to his affidavit, which he states depict the church and sign that are "substantially similar" to the church and sign that he viewed when he measured the distance from the church to the drug transaction in preparation for Petitioner's trial (*id.*, ¶ 7).  The photographs show a small, nondescript one-story brick building (*see id.*, attached photographs).  The sign includes the name Revival Tabernacle, identifies L.A. Wise as Pastor, cites John 3:16, states "Jesus Saves," and lists the following services, Sunday School 10:00 am, Worship Services 11:00 am, Evening Services 6:00 pm, Bible Study Wednesday 7:00 pm (*id.*).

Respondent's argument that the State would have submitted sufficient evidence to overcome a motion for judgment of acquittal is unconvincing.  First, Respondent's argument is premised on an assumption that the trial court would have granted the prosecutor's motion to reopen its case and recessed the proceedings to permit the State to collect additional evidence, but Respondent acknowledges that a trial court's authority to permit reopening is discretionary.  Second, assuming arguendo that the trial court would have allowed the State to reopen its case, recessed the proceedings, and permitted the State to collect additional evidence, Investigator Bryant's statement that during the recess (on November 4, 2004, the date of Petitioner's trial), he would have been able to determine whether the Revival Tabernacle church engaged in regular religious services by viewing the church's sign and speaking with the pastor is speculative and insufficient to show he could have become sufficiently familiar with the Revival Tabernacle to provide competent, sufficient evidence that it was regularly conducting services one year prior (in August of 2003, the time frame of Petitioner's offense).  Although Investigator Bryant states that during the recess, he would have discussed with the church's pastor whether the church held regular religious services, and Investigator Bryant suggests that based upon a very recent conversation with Pastor Wise, the pastor would have told him that the church regularly conducted religious services in August of 2003, this proposed evidence is speculative.[4]  Furthermore, although Investigator Bryant states that during the recess, he also would have viewed and obtained pictures of the church's sign and then testified

---

[4]Investigator Bryant's suggestions as to Pastor Wise's availability on November 4, 2004 (to talk to Investigator Bryant or to testify at Petitioner's trial) and to what Pastor Wise would have said are entirely speculative.

that the sign indicated a schedule of services, without additional testimony that the church was regularly conducting religious services one year prior, this evidence would not have been sufficient to overcome a motion for judgment of acquittal. *See* Moore v. State, — So. 3d —, 2009 WL 3151349, at *1 (Fla. 2d DCA Oct. 2, 2009) (acknowledging that police officer with sufficient familiarity with subject church can provide evidence that it is regularly conducting services even when officer does not attend those services, but nevertheless concluding that testimony of police officer, that he had seen people coming and going from subject church on Sundays but had last seen this activity a year before defendant's offense, was insufficient to establish this element of the offense); Wallace, 814 So. 2d 1255; Hill, 830 So. 2d 876. *Cf.* McHolder v. State, 917 So. 2d 1043, 1046–47 (Fla. 5th DCA 2006) (trial court properly denied motion for judgment of acquittal where testimony established that church regularly conducted religious services where one officer testified he had observed people entering and leaving church on Sunday mornings in their church attire at regular times, another officer testified he had visited church and often observed vehicles parked behind church and persons in suits and dresses going in and out of church at regular times, and photographs of church and church sign listing times and days of worship were admitted as evidence). Construing Investigator Bryant's proposed testimony regarding the sign and the inferences that could have been drawn from his testimony in a light most favorable to the State, the trial court could not have properly denied a motion for judgment of acquittal as Investigator Bryant's proposed testimony would not have been legally sufficient to satisfy the "regularly conducted religious services" element of the offense.[5] Therefore, Petitioner has established a reasonable probability that if defense counsel had moved for judgment of acquittal, the trial court would have granted the motion.

---

[5]In Florida, trial courts do not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. *See* Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974) (stating that "[w]here there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.") A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence admitted at trial, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. *Id.*

Because Petitioner has demonstrated that his conviction of sale or possession with intent to sell cocaine within 1000 feet of a place of worship was the result of ineffective assistance of counsel in violation of the Constitution, his detention pursuant to the state court judgment is improper. Petitioner shall therefore be immediately released unless the State corrects the constitutional error by initiating proceedings to retry him in state court within the time specified.[6]  *See* <u>Hilton v. Braunskill</u>, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (federal court has broad discretion in conditioning judgment granting habeas relief and may delay release of successful habeas petitioner in order to provide state an opportunity to correct constitutional violation found by federal court) (citations omitted); *see also* <u>Holsclaw</u>, 822 F.2d at 1047.

Accordingly, it is **ORDERED**:

Respondent's motion to expand the record (Doc. 22) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (Doc. 1) be **GRANTED**.

2.    That the writ issue and Petitioner be discharged from custody **UNLESS** within **SIXTY (60) DAYS** from the date of entry of judgment in this case, the State of Florida returns Petitioner to Calhoun County and initiates proceedings to retry him or obtains a stay of issuance of the writ.

At Pensacola, Florida this 9<u>th</u> day of October 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon**

---

[6]If this court could remand this case to the state court, which it cannot, it would reverse the judgment and sentence for the first degree felony of which Petitioner was convicted and remand for entry of a judgment and sentence for the necessarily lesser included offense of sale or possession with intent to sell cocaine, which is a second degree felony.  *See* <u>Moore</u>, 2009 WL 3151349 at *1; <u>Wallace</u>, 814 So. 2d at 1257; <u>Hill</u>, 830 So. 2d at 877–78.

all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).