IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ALPHANEE B. GAMMON,

      Petitioner,

v.                                                   CASE NO. 5:09cv53-RH/EMT

WALTER A. McNEIL,

      Respondent.

_____/


## ORDER GRANTING PETITION

This case is before the court on the magistrate judge's amended report and recommendation (document 45). No objections have been filed.

The petitioner was convicted in Florida state court of selling or possessing with intent to sell cocaine within 1,000 feet of a place of worship. *See* Fla. Stat. § 893.13(1)(e). But the state failed to prove at trial that the place of worship regularly conducted services. The evidence thus was insufficient to sustain the conviction. This is so as a matter of well settled state law. *See Hill v. State*, 830 So. 2d 876 (Fla. 5th DCA 2002); *Wallace v. State*, 814 So. 2d 1255 (Fla. 5th DCA 2002).

Although the evidence was insufficient on the place-of-worship element, the petitioner's attorney did not move for a judgment of acquittal. This was constitutionally ineffective assistance. *See, e.g.*, *Holsclaw v. Smith*, 822 F.2d 1041, 1046-47 (11th Cir. 1987). The respondent now says that had the petitioner moved for a judgment of acquittal, the state would have moved to reopen its case. That is indeed likely. And the trial court might well have granted such a motion. But at least insofar as shown by this record, the state still would have been unable to carry its burden of showing that the church regularly conducted services. The respondent says the law enforcement officer who testified at the trial would have looked at and taken pictures of the church's sign and would have spoken with the pastor. *See* Document 23, ex. Y. The report and recommendation correctly concludes that this is speculation. Moreover, the officer's testimony on what the sign or pastor said about whether services had been conducted in the past would have been inadmissible hearsay. Indeed, the testimony might well have violated the Confrontation Clause. *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). As correctly set out in the report and recommendation, the petitioner is entitled to relief.

The relief need not, however, be an acquittal. A lesser included offense is selling cocaine or possessing it with the intent to distribute, that is, doing so without a showing that it was done within 1,000 feet of a place of worship. The state presented sufficient evidence to sustain a conviction of this lesser included

offense, and the jury's verdict necessarily found the petitioner guilty of it. The state thus may properly sentence the petitioner for the lesser included offense without retrying him. Sentencing him for the lesser included offense is what would have happened had the petitioner's attorney rendered effective assistance at the trial—that is, had the petitioner moved for a judgment of acquittal and had the motion been granted. *See Moore v. State*, 18 So. 3d 715 (Fla. 2d DCA 2009); *Hill*, 830 So. 2d at 877-78. Sentencing the petitioner on the lesser included offense—not retrial or release—is the appropriate remedy. *See Numes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003) (noting that a habeas remedy should, to the extent possible, put the petitioner in the position he would have been in had there been no constitutional violation).

Finally, a word is in order about the other two claims addressed in the report and recommendation. The report is correct that there was probable cause to arrest the petitioner and an adequate constitutional basis to search him; the petitioner thus is not entitled to relief on his claim challenging the arrest and search. And no ruling is necessary on the claim of ineffective assistance of appellate counsel, because the claim, even if successful, would add nothing to the relief available on the claim of ineffective assistance of trial counsel.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED. On the merits of the

claims challenging the arrest and search and asserting ineffective assistance trial counsel, the report and recommendation is adopted as the court's opinion.

2. A writ of habeas corpus is GRANTED on the ground of ineffective assistance of trial counsel. The clerk must enter judgment stating:

> The petition for a writ of habeas corpus is granted. Within 60 days, the respondent must release the petitioner from custody on the conviction for selling or possessing with intent to sell cocaine within 1,000 feet of a place of worship. This does not preclude the respondent from retaining the petitioner in custody on a newly imposed sentence for selling cocaine or possessing cocaine with the intent to sell it.

SO ORDERED on March 27, 2010.

s/Robert L. Hinkle<br>United States District Judge